## Patterson *against* M'Vay.

A horse stolen from the owner may become the subject of a sale by virtue of the statute relating to strays.

ERROR to the common pleas of *Alleghany* county.

James M'Vay against Rody Patterson.   Replevin for a horse.

The horse originally belonged to the defendant; he either strayed or was stolen from him, and was taken up as a stray and sold; by virtue of which sale the plaintiff claimed him.

The defendant gave evidence that the horse had been stolen from him; and when he found him in the possession of the plaintiff he took him.

The court was requested to charge the jury,

1. That there is no "*market overt*" in Pennsylvania; and if the jury believe that this horse was stolen from defendant, that no public sale, even by virtue of the statute relative to strays, can divest the right of the defendant, the true owner, in the property stolen.

2. That the provisions of the fourth section of the statute relative to the advertisements have not been complied with, and therefore the plaintiff is not entitled to recover.

The court below (Dallas, President) answered both these points in the negative; and as to the last, there was some parol proof of the notice.

*M'Candless*, for plaintiff in error, cited, 1 *Yeates* 478; 2 *Yeates* 347; 5 *Serg. & Rawle* 130; 2 *Cowen* 450; 8 *Serg. & Rawle* 500.

*Shaler*, contra, was stopped by the court.

Per Curiam.—It will scarcely be pretended that an action for a trespass done by the beasts of another would be answered by an allegation that they had been turned loose by one who had stolen them; and why should it be a defence to a proceeding against the beasts themselves.   Our law which directs the proceedings in the case of

[Patterson v. M'Vay.]

a stray seems to be a statutory regulation of the common law remedy by distress of cattle *damage-feasant*; and though the injured party must choose betwixt the summary remedy and an action, whatever is a title to redress by the one is a title to redress by the other. The proceeding against a stray is *in rem*, and not against the title of any particular owner. Its object is not to inflict a penalty for letting the animal go at large, but to compensate the injury done by it, and secure the residue of the value to the owner of it. What matters it, then, that the animal was taken out of his possession without his default, when default is not the foundation of the proceeding? It is, in some respects, a charitable one; for had not the animal been secured and taken care of, it might have perished or wandered away beyond the reach of recovery. The costs and charges must be paid in any event, for the officers are not to be affected by considerations of theft; and how can these be raised except by a sale, or how can there be a sale if purchasers cannot bid securely? Though by the common law the property in a thing stolen can be changed only in *market overt*, yet there was a statutory sale in this instance, which must be allowed to have the same effect. The sufficiency of the proof on the point of notice was for the jury; and as there was something to be submitted, the direction prayed in respect of it was properly withheld.

Judgment affirmed.